18-3202-cr
*United States v. Oddo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of November, two thousand nineteen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.
> *Circuit Judges*.

———————————————————————

UNITED STATES OF AMERICA,

>    *Appellee*,

>    v.                                                          No. 18-3202-cr

FRANCESCO ESCRIBANO, AKA BRISCO, RICHARD TORRUELLAS, AKA JUAN RODRIGUEZ, AKA SCOOB, AKA CHRISTIAN, AKA ESPINOSA, ALYSSA A. GRACE, JASON A. BROWN,

>    *Defendants*,

WAYNE ODDO,

>    *Defendant-Appellant*.

———————————————————————

1

For Appellee:                                    Joseph R. Perella, Gregory L. Waples, Assistant United States Attorneys, *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, VT.

For Defendant-Appellant:               Steven L. Barth, Barclay T. Johnson, Assistant Federal Public Defenders, *for* Michael L. Desautels, Federal Public Defender for the District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Wayne Oddo appeals from a judgment of conviction entered on October 18 2018, by the United States District Court for the District of Vermont (Crawford, *J*.) imposing a sentence consisting principally of 24 months' imprisonment for maintaining a drug-involved premises under 21 U.S.C. §§ 856(a)(2) and (b). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Oddo's sole argument on appeal is that the district court erred in applying an obstruction of justice adjustment under § 3C1.1 of the United States Sentencing Guidelines. Specifically, Oddo contends that he did not "conceal" Alexandra Rooker's body by moving it from his bedroom to an outdoor shed after providing false statements to law enforcement about Rooker's whereabouts. Oddo also argues that he did not specifically intend to obstruct an official investigation by moving Rooker's body.

"Obstruction of justice enhancements are subject to a mixed standard of review." *United States v. Ayers*, 416 F.3d 131, 133 (2d Cir. 2005) (per curiam).[1] "[W]e accept the [district] court's findings of facts unless they are clearly erroneous." *United States v. Agudelo*, 414 F.3d 345, 348 (2d Cir. 2005). We review the district court's ruling that the established facts constitute obstruction of justice *de novo*, "giving due deference to the district court's application of the guidelines to the facts." *Id.* We identify no clear error in the district court's interpretation of Oddo's movement of Rooker's body, and we agree that it constitutes obstruction of justice. The subject of the movement, the timing of the movement, and the nature of the movement to an outdoor shed all support findings of concealment and a specific intent to obstruct justice.

We have considered Oddo's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

3